UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL KEENEY,

                            Plaintiff,

                                                                  Case # 16-CV-167-FPG

v.

**DECISION AND ORDER**

PATRICIA BRINKMAN,

                            Defendant.

## INTRODUCTION

Plaintiff Michael Keeney brought this action against Defendants Housing Options Made Easy, Inc. ("HOME"), Keeney's former employer; Joseph Woodward, HOME's CEO; and Patricia Brinkman, the Director of Mental Hygiene Services of Chautauqua County; alleging that they violated his First Amendment and New York State Constitutional rights by firing him—at the behest of Defendant Brinkman—for publicly criticizing Chautauqua County's response to its "drug epidemic." ECF No. 1.

The Court dismissed the claims against Mr. Woodward and HOME with prejudice pursuant to the agreement of the parties. ECF Nos. 20, 21. Thereafter, Defendant Brinkman moved for summary judgment, ECF No. 23, and this Court granted it, ECF No. 28.

Plaintiff now moves for reconsideration of this Court's summary judgment order ("SJO") pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 30. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## DISCUSSION

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

1

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Id.* at 211-12.

On reconsideration, Plaintiff contends that this Court erred by failing to hold Defendant Brinkman to her summary judgment burden to either (1) present evidence negating Plaintiff's claim or (2) identify portions of the evidence showing the absence of a genuine issue of material fact. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (describing the two ways by which a movant may satisfy its summary judgment burden). Plaintiff points to this Court's quotation of Defendant Brinkman's assertion that "Plaintiff has presented no admissible evidence of retaliatory conduct under color of state law," ECF No. 28 at 6, to show that Defendant and the Court improperly placed the burden on Plaintiff to present his summary judgment evidence first.

To the contrary, Defendant Brinkman did meet her summary judgment burden. She presented Mr. Woodward's and her own deposition testimony indicating that she never requested Plaintiff's termination and that Mr. Woodward fired Plaintiff for his poor job performance and inappropriate workplace behavior over four months after Defendant Brinkman was made aware of Plaintiff's critical comments.[1]

---

[1] Plaintiff has not disputed the testimony regarding his poor job performance and inappropriate workplace behavior. Such an intervening causal event defeats an inference that Plaintiff's protected speech caused his termination. *See Yarde v. Good Samaritan Hosp.*, 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005) ("In this Circuit, an inference of causation is defeated (1) if the allegedly retaliatory discharge took place at a temporal remove from the protected activity; or (2) if there was an intervening causal event that occurred between the protected activity and the allegedly retaliatory discharge."); *see also Smith v. Da Ros*, 777 F. Supp. 2d 340, 356 (D. Conn. 2011) ("[D]istrict courts within the Second Circuit consistently have found that lapses of more than two or three months between protected activity and allegedly retaliatory actions do not support inferences of causation.").

Having presented evidence that Plaintiff was not fired due to his critical comments, the burden shifted to Plaintiff to come forward with admissible evidence creating a genuine issue of material fact. *Salahuddin*, 467 F.3d at 272 (If the movant makes the required showing, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact. Like the movant, the nonmovant . . . must point to specific evidence in the record to carry its burden on summary judgment."). Plaintiff failed to do so.

Plaintiff instead argued that this Court should disregard Defendant Brinkman's and Mr. Woodward's testimony because they are both interested witnesses.

Generally, on summary judgment, district courts "must disregard all evidence favorable to the moving party that the jury is not required to believe," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000), "includ[ing] testimony and affidavits from interested witnesses." *Williams v. City of White Plains*, 718 F. Supp. 2d 374, 377 (S.D.N.Y. 2010).

However, not every motion for summary judgment based solely on testimony from interested witnesses must be denied. Rather,

> the party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion . . . [. He] may not merely recite the incantation, "Credibility," and have a trial on the hope that a jury may disbelieve factually uncontested proof.

*Rinieri v. Scanlon*, 254 F. Supp. 469, 473-74 (S.D.N.Y. 1966); *see also Hendrickson v. Marriott Int'l, Inc.*, No. 00 CIV. 5280 (LLS), 2001 WL 789296, at *2 (S.D.N.Y. July 12, 2001) (granting summary judgment to plaintiff injured in accident, even though his accident was unwitnessed, because defendant presented no evidence as to plaintiff's prima facie case or his credibility); *cf. Knox v. Cty. of Putnam*, No. 10 CIV. 1671 ER, 2012 WL 4462011, at *5 (S.D.N.Y. Sept. 27, 2012) ("If the credibility of the movant's witness is challenged by the opposing party and

specific bases for possible impeachment are shown, summary judgment should be denied.") (internal citation and quotation marks omitted).

Here, Plaintiff attempted to challenge Defendant Brinkman's credibility by citing to the deposition testimony of Richard Huber, a HOME board member. Mr. Huber testified that Mr. Woodward called him just after getting off the phone with Defendant Brinkman and told Mr. Huber that Defendant Brinkman had demanded Plaintiff be terminated for speaking out about the lack of drug treatment options in Chautauqua County or else she would pull funding from HOME.

However, Mr. Huber's testimony is inadmissible hearsay and therefore cannot defeat summary judgment. *See Stull v. N. Shore-LIJ CareConnect Ins. Agency, Inc.*, No. 16CV2682DRHAKT, 2018 WL 3350319, at *6 (E.D.N.Y. July 9, 2018) ("[H]earsay and other inadmissible evidence may not be relied on to defeat summary judgment."); *Debrosse v. City of New York*, 739 F. App'x 48, 50 (2d Cir. 2018) (summary order) ("Nor does any of the inadmissible hearsay deposition testimony . . . defeat summary judgment, since the court may consider only admissible evidence.").

As the Court noted in its SJO, while Defendant Brinkman's alleged demand to Mr. Woodward could be offered against her as an "opposing party's statement" under Federal Rule of Evidence 801(d)(2)(A), Mr. Woodward's recitation of that demand to Mr. Huber could not. Mr. Woodward was dismissed as a party and, in any case, to come in under Rule 801(d)(2)(A), his statement would have to be offered against him, not against Defendant Brinkman. *See, e.g., U.S. v. Smith*, 746 F.2d 1183, 1185 (6th Cir. 1984) ("[O]nce [declarant] was severed from the case, he was no longer a party and the statement was no longer admissible under 801(d)(2)(A)."); *Vardanyan v. Close-Up Int'l, Inc.*, No. COV/A/CV06-2243 (DGT, 2007 WL 4591821, at *2 (E.D.N.Y. Dec. 28, 2007) ("[T]he admission by a party-opponent must be offered against that

4

party."). Here, both on summary judgment and on reconsideration, Plaintiff failed to establish a route to admissibility for Mr. Woodward's statement to Mr. Huber. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469-70 (S.D.N.Y. 2008) ("Evidence submitted in support of a summary judgment motion must be admissible at trial, and the proponent of the evidence bears the burden of showing that the evidence is admissible.").

Finally, Plaintiff argued that Defendant Brinkman's own deposition testimony created a genuine issue of material fact as to whether she demanded Plaintiff's termination. Plaintiff pointed out that Defendant Brinkman admitted to being "concerned" about Plaintiff's ability to do his job—which required referring clients to Chautauqua County's drug treatment and mental health services—in light of his criticism of those services. Plaintiff argued that Defendant Brinkman's "concern" was a mere euphemism that a jury would be entitled to disbelieve in favor of an inference that Defendant Brinkman in fact wanted Plaintiff terminated.

On reconsideration, the Court clarifies its statement in Footnote 3 of its SJO suggesting that Plaintiff could not rely on Defendant Brinkman's deposition testimony regarding her "concern," which she cited in her own Rule 56 Statement. While Plaintiff's reliance on this testimony does not raise hearsay or admissibility concerns, it nevertheless fails to create a genuine issue of material fact. "It is axiomatic that a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'" *Gilliard v. City of New York*, No. 10-CV-5187 NGG CLP, 2013 WL 521529, at *6 (E.D.N.Y. Feb. 11, 2013) (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). "Simply asserting that a party is lying is insufficient to create a genuine issue of material fact." *Id.*

Here, there is no evidence in the record—other than Mr. Huber's inadmissible hearsay testimony—that supports Plaintiff's implication that Defendant Brinkman's "concern" about his

5

ability to do his job euphemized her "true" desire to have Plaintiff fired. *See Bruntfield v. Ridge Tool Co.,* 546 F. Supp. 553, 556 (S.D.N.Y. 1982) (a nonmovant must generate uncertainty via admissible proof from one or more persons with personal knowledge sufficient to warrant a denial of summary judgment). Plaintiff thus failed to meet his burden of responding to Defendant Brinkman's summary judgment evidence by coming forward with "concrete evidence" of his own to raise a genuine issue of material fact. *See Dietz v. Damas*, 932 F. Supp. 431, 443 (E.D.N.Y. 1996) ("Although all justifiable inferences of the non-movant are to be credited, the non-movant must offer some 'concrete evidence from which a reasonable juror could return a verdict in his favor. . . . The movant has the burden of showing there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict.'") (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986)).

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Reconsideration (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: February 13, 2019
       Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court